IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MANUEL IBARRA OLIVARES, | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : Jury Trial Demanded |
| LA HACIENDA #3, INC., XAVIER CUELLAR, JR., and MARLENE MAGANA, | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Manuel Ibarra Olivares, by and through the undersigned counsel, brings this Complaint against Defendants La Hacienda #3, Inc., Xavier Cuellar, Jr., and Marlene Magana and pleads as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), herein after "the FLSA" to (1) recover the overtime pay that was denied him; (2) an additional amount as liquidated damages; and (3) for his costs of litigation, including his reasonable attorneys' fees and costs.

- 1 -

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C §§ 1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant La Hacienda #3, Inc. is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Clayton County, Georgia.

5.

Defendant La Hacienda #3, Inc, (hereinafter "La Hacienda") employed Plaintiff as a dishwasher at its restaurant located at 365 Fayette Place, Fayetteville, Georgia from June 18, 2011 through March 5, 2012.

6.

At all times relevant to this matter, Plaintiff was an "employee" of Defendant La Hacienda as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about June 18, 2011 through March 5, 2012, Plaintiff has been "engaged in commerce" as an employee of Defendants as defined in FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about June 18, 2011 through March 5, 2012, Plaintiff has been engaged in the "production of goods for commerce" as an employee of Defendants as defined by FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Defendant La Hacienda is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Defendant La Hacienda has been an "employer" of Plaintiff as defined by FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about June 18, 2011 through March 5, 2012, Defendant La Hacienda was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2011, Defendant La Hacienda had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2012, Defendant La Hacienda had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Defendant La Hacienda had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Defendant La Hacienda had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

16.

During 2011, Defendant La Hacienda had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2012, Defendant La Hacienda had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Defendant La Hacienda had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Defendant La Hacienda had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, Defendant La Hacienda has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

Defendant La Hacienda is subject to the personal jurisdiction of this Court.

22.

Defendant La Hacienda may be served with process through its Registered Agent, Isabel Cuellar at 101 Sweetwater Oaks Peachtree City, Georgia 30268.

23.

Defendant Xavier Cuellar, Jr. (hereafter "Defendant Cuellar") resides in Fayette County, Georgia.

24.

At all times material hereto, Defendant Cuellar exercised operational control over the work activities of Plaintiff.

25.

At all times material hereto, Defendant Cuellar was involved in the day to day operation of Defendant La Hacienda in which Plaintiff worked.

26.

At all times material hereto, Defendant La Hacienda vested Defendant Cuellar with supervisory authority over Plaintiff.

27.

At all times material hereto, Defendant Cuellar exercised supervisory authority over Plaintiff.

28.

At all times material hereto, Defendant Cuellar scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

29.

At all times material hereto, Defendant Cuellar exercised authority and supervision over Plaintiff's compensation.

30.

At all times material hereto, Defendant Cuellar has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

31.

Defendant Cuellar is subject to the personal jurisdiction of this Court.

32.

Defendant Cuellar may be served with process at his residence located at 105 Robin Court, Lot 6, Fayetteville, Georgia 30215.

33.

Defendant Marlene Magana (hereafter "Defendant Magana") resides in Fayette County, Georgia.

34.

At all times material hereto, Defendant Magana exercised operational control over the work activities of Plaintiff.

35.

At all times material hereto, Defendant Magana was involved in the day to day operation of Defendant La Hacienda in which Plaintiff worked.

36.

At all times material hereto, Defendant La Hacienda vested Defendant Magana with supervisory authority over Plaintiff.

37.

At all times material hereto, Defendant Magana exercised supervisory authority over Plaintiff.

38.

At all times material hereto, Defendant Magana scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

39.

At all times material hereto, Defendant Magana exercised authority and supervision over Plaintiff's compensation.

40.

At all times material hereto, Defendant Magana has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

41.

Defendant Magana is subject to the personal jurisdiction of this Court.

42.

Defendant Magana may be served with process at her residence located at 627 Ambrose Lane, Peachtree City, Georgia 30269.

43.

At all times relevant to this suit and while an employee of Defendant La Hacienda, Plaintiff was not exempt from the payment of an overtime premium pursuant to 29 USC § 213.

44.

All Defendants knew, or should have known, that Plaintiff regularly worked more than forty hours in a given workweek.

### COUNT I - FAILURE TO PAY OVERTME

45.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

46.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

47.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

48.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from June 18, 2011 through March 5, 2012.

49.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from June 18, 2011 through March 5, 2012.

50.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

51.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages from Defendants in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs from Defendants, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/*S/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com