## AGREEMENT AND RELEASE

MANUEL IBARRA OLIVARES (hereinafter referred to as "Ibarra Olivares") and LA HACIENDA #3, INC., (hereinafter referred to as "La Hacienda"), XAVIER CUELLAR, JR., (hereinafter referred to as "Cuellar") and MARLENE MAGANA (hereinafter referred to as "Magana") hereby enter into this Agreement to resolve all claims and potential claims by Ibarra Olivares against La Hacienda, Cuellar and Magana.

The terms of this Agreement are as follows:

1.  In consideration for the releases and dismissal set forth in this Agreement, La Hacienda, Cuellar and Magana agree to pay Ibarra Olivares the amount of Fourteen Thousand Seven Hundred Ninety Five Dollars and 28/100 ($14,795.28) ("Settlement Sum"), the sufficiency of which Ibarra Olivares hereby acknowledges, to be paid as follows: (1) Seven Thousand Three Hundred Ninety Seven Dollars and 64/100 ($7,397.64) as back pay (2) Seven Thousand Three Hundred Ninety Seven Dollars and 64/100 ($7,397.64) as liquidated damages.

2.  La Hacienda, Cuellar and Magana agree to pay attorney's fees and costs in the amount of Four Thousand Dollars $4,000.00 payable to Kevin D. Fitzpatrick, Jr. ("Attorney's Fees"). Collectively, the Settlement Sum and the Attorney's Fees shall be referred to as the "Settlement Amount."

3.  The Settlement Amount shall be paid in twenty-two (22) installments as follows:

    (A)  The first installment ($500.00 payable to Kevin D. Fitzpatrick, Jr.) shall be made within ten days of the Court's approval of this settlement agreement.

    (B)  The next five installments shall be $500.00 payable to Kevin D. Fitzpatrick, Jr. and shall be made on a monthly basis, beginning one month after payment of the first installment.

    (C)  The next fifteen installments shall be $1,000.00 payable to Kevin D. Fitzpatrick, Jr. and shall be paid on a monthly basis, beginning one month after payment of the sixth installment.

(D)     The final installment shall be $795.28 payable to Kevin D. Fitzpatrick, Jr. and shall be due one month after payment of the 21st installment.

4.      In the event of a breach of any of the terms of the Agreement by any party hereto the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by La Hacienda, Cuellar and Magana, (including non-payment of any installment with fifteen days of its due date) the entire outstanding Settlement Amount shall immediately become due and payable. Interest shall accrue on the outstanding balance at the statutory rate.

5.      In consideration of the payment of the Settlement Amount, Ibarra Olivares, on his behalf, and on behalf of his heirs, executors, administrators, legal representative and assigns, hereby releases La Hacienda, and its assigns, officers, directors, employees, owners, agents, lessees, managers, shareholders, underwriters and insurers, and Cuellar and Magana ("Releasees"), who might be or might hereafter become liable, from any and all charges, claims, demands, suits, liens, debts, damages, and causes of action of whatever nature in law or in equity whether growing out of tort, contract, quasi-contract, discrimination or otherwise, including all claims under the laws of the United States and/or the State of Georgia and any other regulations and ordinances or laws which may have afforded Ibarra Olivares a cause of action for wages, salary, bonus, vacation pay, compensatory damages, punitive damages, liquidated damages, attorney's fees, penalties, interest, costs and any other legally recoverable category of damages or relief which Ibarra Olivares has ever had or now has as of the date of this Agreement growing out of or in any way either directly or indirectly connected with the employment of Ibarra Olivares by La Hacienda, Cuellar and Magana. In addition, Ibarra Olivares agrees to dismiss with prejudice the lawsuit filed on March 14, 2012, in the United States District Court, Northern District of

Georgia, Atlanta Division styled, *Ibarra Olivares v. La Hacienda #3 Inc., Xavier Cuellar, Jr., and Marlene Magana*, Case No. 1:12-CV-00879-SCJ (the "Lawsuit").

6. Ibarra Olivares represents and warrants that upon payment of the entire Settlement Amount he will have received all wages and benefits to which he was entitled during his employment as of the date of this Agreement, including those wages and benefits governed by the Fair Labor Standards Act.

7. Within ten (10) business days of the parties executing this Agreement, Ibarra Olivares' counsel, shall file a stipulation with the court where the Lawsuit is pending (the "Court") seeking approval of this Agreement and the dismissal of the Action and all claim(s) against La Hacienda, Cuellar and Magana and Martin with prejudice, upon payment of the Settlement Amount. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

8. Ibarra Olivares releases all claims against Releasees willingly, freely, and without duress and acknowledges that he was represented by competent counsel during negotiation of this Agreement.

9. It is recognized and agreed that neither party admits liability to the other or to any other person whatsoever.

10. Ibarra Olivares acknowledges that the funds paid herein by La Hacienda, Cuellar and Magana include a settlement of all of Ibarra Olivares's claims against La Hacienda, Cuellar and Magana and Martin, including claims for compensatory and liquidated damages and attorney's fees and costs. La Hacienda, Cuellar and Magana shall have no obligation to make the payments referenced in this Agreement unless and until the Court approves this settlement.

11. This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby. This Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

12. If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. This Agreement shall be interpreted in accordance with the laws of the State of Georgia.

13. Any action seeking to enforce any provision of this Agreement, or based on any matter arising out of or in connection with the Agreement, may be brought in any state court located in the County of Fulton, State of Georgia, or in the United States District Court for the Northern District of Georgia, and each party hereto consents to the jurisdiction and venue of such court and the appropriate appellate courts therefrom in any such action and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the personal jurisdiction and venue of such court and to any claim of an inconvenient forum.

SIGNED this __10__ day of April, 2012.

*MANUEL IBARRA-O*
MANUEL IBARRA OLIVARES

On Behalf of La Hacienda # 3, Inc.:

_____

Printed name: _____

Its: _____

4

11.     This Agreement constitutes the entire agreement of the parties, and all prior negotiations or representations are merged herein or replaced hereby. This Agreement may only be amended by a written amendment identified as such and signed by all parties to this Agreement.

12.     If, for any reason whatsoever, any one or more of the provisions of this Agreement shall be held or deemed to be inoperative, unenforceable, or invalid by a court of competent jurisdiction, such circumstances shall not have the effect of rendering such provision invalid in any other case or rendering any other provisions of this Agreement inoperative, unenforceable, or invalid. This Agreement shall be interpreted in accordance with the laws of the State of Georgia.

13.     Any action seeking to enforce any provision of this Agreement, or based on any matter arising out of or in connection with the Agreement, may be brought in any state court located in the County of Fulton, State of Georgia, or in the United States District Court for the Northern District of Georgia, and each party hereto consents to the jurisdiction and venue of such court and the appropriate appellate courts therefrom in any such action and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the personal jurisdiction and venue of such court and to any claim of an inconvenient forum.

        SIGNED this _____ day of April, 2012.

                                                            _____
                                                            MANUEL IBARRA OLIVARES


                                                            On Behalf of La Hacienda # 3, Inc.:

                                                            _____
                                                            Printed name: _Celerino Garcia_
                                                            Its: _Owner_

4

_____
XAVIER CUELLAR, JR.

_____
MARLENE MAGANA